NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br>NEW VALLEY CORPORATION<br><br>    Reorganized Debtor.<br><br>SENIOR EXECUTIVE BENEFIT PLAN PARTICIPANTS; et al.,<br><br>    Appellants/ Cross-Appellees,<br>v.<br><br>NEW VALLEY CORPORATION<br><br>    Appellee/ Cross-Appellant. | **Hon. Dennis M. Cavanaugh**<br><br>**OPINION**<br><br>Bankruptcy Action No. 91-BK-27704 (NW)<br><br>Civil Action No. 05-CV-2039 (DMC) |

<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>:

This matter comes before the Court upon motion by Appellee/ Cross-Appellant New Valley Corporation ("New Valley") to dismiss the appeals of Appellants/ Cross-Appellees Senior Executive Benefit Plan Participants (SEBP Claimants) of the Final Judgment executed September 14, 2004, by the Hon. Novalyn L. Winfield in the United States Bankruptcy Court for the District of New Jersey. No oral argument was heard pursuant to Rule 78. After carefully considering the submissions all parties, it is the finding of this Court that the SEBP Claimants failed to file a timely notice of appeal, and the Court must dismiss this action for lack of jurisdiction. As such, New Valley's motion is **granted**.

**I. BACKGROUND**

The instant action arises from an appeal and cross-appeal of a Final Judgment executed September 14, 2004 by the Bankruptcy Court in the Chapter 11 bankruptcy proceedings of New Valley.  New Valley filed the instant motion to dismiss the First and Second Appeal of the SEBP Claimants.  New Valley contends that the First Appeal of SEBP was untimely, and that the Second Appeal should be dismissed because Appellant s failed to file a timely motion to extend their deadline to file a notice of appeal.  Appellants ask this Court to allow the First and Second Appeals to proceed on the basis of excusable neglect.

Judge Winfield executed a signed Final Judgment in this matter on September 14, 2004, entered September 15, 2004.  SEPB filed a Notice of Appeal ("First Appeal") in the Bankruptcy Court on October 14, 2004, which was denied as untimely by the Bankruptcy Court on January 6, 2005.  SEBP Claimants filed a Motion to Extend Time on November 30, 2004, which requested that the Bankruptcy Court extend the time to file an appeal, and deem the First Appeal timely filed *nunc pro tunc*.  This motion was denied by the Bankruptcy Court in an order dated January 12, 2005. ("Extension Denial Order").  On January 18, 2005, the SEBP Claimants filed a Notice of Appeal of the Extension Denial Order.

## II. DISCUSSION

**A. Jurisdiction and Standard of Review**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 158(a), which provides for appellate jurisdiction in the district courts from "final judgments, orders, and decrees ... of bankruptcy judges."  In reviewing an order of the Bankruptcy Court, a District Court applies a clearly erroneous standard to the Bankruptcy Court's findings of fact and a de novo standard to the Bankruptcy Court's legal conclusions. See USCS Bankruptcy R. 8013; *In*

*re* Sharon Steel Corp., 871 F.2d 1217, 1222 (3d Cir. 1989); *In re* Morrissey, 717 F.2d 100, 104 (3d Cir. 1983).

**B. Analysis**

Bankruptcy Rule 8002(a) states, "The notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from." Fed. R. Bankr. P. 8002(a).  This deadline is strictly construed. In re Universal Minerals, Inc., 755 F.2d 309, 311 (3d Cir.1985).  The failure to file a timely notice of appeal creates a jurisdictional defect barring appellate review. Id. at 312.

Bankr. Rule 8002(c)(2) allows a party to request an enlargement of the ten-day period to file a notice of appeal.  See Fed. R. Bankr. P. 8002(c)(2).  If a party fails to request an enlargement of time to file a notice of appeal before the expiration of the ten-day period, a request can be made and granted by the bankruptcy court on two conditions.  First, the request must be made in a written motion no more than twenty days after the expiration of the 8002(a) ten day filing period. Id.  Second, the party requesting the extension must be able to show "excusable neglect." Id.

SEBP Claimants concede that the First Appeal was untimely, as it was beyond the ten days allowed for under Section 8002(a).  However, SEBP Claimants contend in their Second Appeal that the First Appeal should be considered as timely filed under Rule 8002(c).

Here, the bankruptcy order in question was entered on the court's docket on September 15, 2004.  As such, the time for filing a notice of appeal expired on September 29, 2004 (excluding holidays and weekends), and the last date on which Appellants could have filed a motion under 8002(c)(2) to extend its time to file a notice of appeal was October 27, 2004.

Appellants, however, filed their motion to extend time on November 30, 2004.

Because SEBP Claimants failed to file a motion for extension of time under Section 8000(c)(2) on or before October 27, 2004, this Court need not consider arguments of "excusable neglect." See Shareholders v. Sound Radio, 109 F.3d 873, 879 (3d. Cir 1997)("Rule 8002(c), however, requires that even in cases of excusable neglect, the issue must be raised and the appeal filed within the 30-day window of Rule 8002...The rule does not allow a party to claim excusable neglect after the 30 days have expired").  Therefore, the appeal of the SEBP Claimants is untimely.  This Court must dismiss the action for lack of jurisdiction.

### III. CONCLUSION

For the reasons stated, it is the finding of this Court that New Valley's motion to dismiss the First and Second Appeals is **granted**.  An appropriate Order accompanies this Opinion.

    /s/Dennis M. Cavanaugh
    Dennis M. Cavanaugh, U.S.D.J.

Date:        March 14, 2006
Original:    Clerk's Office
Copies:      All Counsel of Record
           The Honorable Mark Falk, U.S.M.J.
           File